Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **FINES L. DISHMAN, II**, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:05CV00042 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **RICK CROUSE, ET AL.**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendants. | ) |

*Fines L. Dishman, II, Pro Se Plaintiff; Henry S. Keuling-Stout, Keuling-Stout, P.C., Big Stone Gap, Virginia, for Defendants Rick Crouse and J.A. Phillips.*

The plaintiff contends in this pro se action under 42 U.S.C.A. § 1983 (West 2003) that the defendant deputy sheriffs, after arresting him in Castlewood, Virginia, handcuffed him behind his back and shoved him down a flight of stairs, causing him injury.

According to Dishman, the incident occurred on May 28, 2002. This suit was filed on May 27, 2005. The defendants have moved to dismiss on the ground that the plaintiff's action is barred by the applicable statute of limitations. The plaintiff has responded to the Motion to Dismiss and it is ripe for decision.[1]

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

In actions under § 1983, the two-year Virginia personal injury limitations period applies. Va. Code Ann. § 8.01-243(A) (Michie 2000); *Buntin v. Bd. of Trs.*, 548 F. Supp. 657, 659 (W.D. Va. 1982).

The plaintiff previously filled suit November 19, 2004, in the Circuit Court of Russell County, Virginia, concerning this incident. According to him, that case has never been decided. However, that lawsuit was filed after the two-year statute of limitations had already expired, so that even if the statute was tolled by the pendency of the state court action, *see* Va. Code Ann. § 8.01-229(E) (Michie Supp. 2005), it would not help the plaintiff in this case.

For the reasons stated, the Motion to Dismiss will be granted.[2] A separate judgment consistent with this Opinion will be entered forthwith.

DATED: September 2, 2005

/s/ JAMES P. JONES
Chief United States District Judge

---

[2] To the extent the plaintiff also seeks relief against the Commonwealth of Virginia or the Sheriff's Department, respondeat superior does not apply in § 1983 claims. The Eleven Amendment also bars any claim in this court against the Commonwealth of Virginia.